IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE VAUGHN, Individually and on behalf of all others similarly situated, Plaintiff, | § § § | |
| v. | § | CASE NO. 4:16-CV-3578 |
| THE DOCUMENT GROUP INC., Defendant. | § § § § | |

## MEMORANDUM AND ORDER

This Fair Labor Standards Act ("FLSA") case is before the Court on the Motion for Conditional Certification and for Notice to Putative Class Members ("Motion") [Doc. # 9] filed by Plaintiff Eugene Vaughn. Defendant The Document Group, Inc. ("TDG") filed a Response [Doc. # 11], Vaughn filed a Reply [Doc. # 12], and TDG filed a Sur-Reply [Doc. # 814].[1] Having carefully reviewed the record and the applicable legal authorities, the Court concludes that the pending Motion should be **granted**. The Court will conditionally certify a class consisting of "all current and former Manual Laborers and Scanner Operators who were classified as independent contractors and who worked for The Document Group on or after April 20, 2014, and worked more than forty hours in a week but

---

[1] Between the Response and Reply lies an administrative docketing error that forces the jump in the docket file numbering. No materials were filed by the parties between the Reply [Doc. # 12] and the Sur-Reply [Doc. # 814].

were not paid overtime pay at the rate of one and one-half times their regular hourly rate."

I. **BACKGROUND**

TDG provides litigation support services to law firms and their clients, including copying, scanning, organizing, and storing records ("litigation support work").[2] TDG asserts, and Vaughn does not dispute, that the volume of documents and the timeframe in which TDG is tasked to complete its litigation support work differ from project to project.[3] It is also undisputed that certain of the individuals hired by TDG to perform the litigation support work are classified as employees of TDG, while others are classified as independent contractors. TDG asserts, without challenge, that it supplements its workers' ranks as needed to assist with high-volume projects that have tight deadlines.[4]

Vaughn alleges that from March, 2016, until October 4, 2016, he performed litigation support work, including scanning, printing, and binding documents for TDG.[5] Vaughn, whom TDG classified as an independent

---

[2] *See* Affidavit of George Flores, Exh. A to TDG Response ("Flores Affidavit") [Doc. # 11-1], at 1 ¶ 2.

[3] *See id.*

[4] *See id.* at 1-2 ¶ 2, 2 ¶ 3; *see also* Affidavit of Chris de Boisblanc, Exh. B to TDG Response ("de Boisblanc Affidavit") [Doc. # 11-2], at 1 ¶ 2.

[5] *See* Motion [Doc. # 9], at 2.

contractor, filed this lawsuit under the FLSA, alleging that he regularly worked in excess of forty hours and was not paid overtime wages for the hours worked in a week in excess of forty. Vaughn now seeks conditional certification of a class comprised of all Manual Laborers and Scanner Operators ("litigation support workers") TDG employed as independent contractors within the past three years, which class the Court interprets to be limited to those who worked in excess of forty hours in a week and were not paid overtime at the rate of one and one-half times their regular hourly rate.[6]

Vaughn, in support of his Motion, relies on evidence, such as his own affidavit and the affidavit of another worker TDG classified as an independent contractor. The Motion has been fully briefed and is now ripe for decision.

## II. APPLICABLE LEGAL PRINCIPLES

### A. FLSA Obligations

---

[6] Vaughn Reply [Doc. # 12], at 1. Vaughn defines "Manual Laborers" as "any and all individuals who scanned documents to flash drives/hard drives, scanned documents to larger drives, printed documents, bound documents and copied documents and data for defendant." He does not define "Scanner Operators." *See* Motion [Doc. # 9], at 11. The Court uses the term "ligation support workers" as synonymous with Vaughn's phrase "Manual Laborers and Scanner Operators."

The Court notes that Vaughn originally proposed a class comprised of "all Manual Laborers and Scanner Operators employed by defendant within the past three years." *See* Motion [Doc. # 9], at 1. The original proposal has been limited by the more narrow class definition Vaughn proposes in his Reply, which limited formulation the Court adopts.

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). An employee may sue his employer under the FLSA on "behalf of himself ... and other employees similarly situated." 29 U.S.C. § 216(b). Similarly situated employees can "opt-in" to a lawsuit under § 207(a) to benefit from a judgment.

### B. Standard for Conditional Certification

When considering whether to certify a lawsuit under the FLSA as a collective action, courts in this federal district generally use a "two-stage approach." *See Austin v. Onward, LLC*, 161 F. Supp. 3d 457, 461 (S.D. Tex. 2015); *see also Caballero v. Kelly Servs., Inc.*, Civil Action No. H–14–1828, 2015 WL 12732863, *3 (S.D. Tex. Oct. 5, 2015); *Diaz v. Applied Machinery Corp.*, Civil Action No. H-15-1282, H-15-2674, 2016 WL 3568087, *4 (S.D. Tex. June 24, 2016); *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012). At the first stage, the Court decides whether to conditionally certify a class into which individuals may opt if they seek to benefit and be bound by the outcome of the case. At this stage, in essence, the Court is deciding whether to issue notice to potential class members. *See Walker*, 870 F. Supp. 2d at 465. The second stage

occurs when discovery is largely complete. If it chooses, the defendant may move to "decertify" the conditionally certified class. *See id.* at 466. "Neither stage of certification is an opportunity for the court to assess the merits of the claim by deciding factual disputes or making credibility determinations." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 802 (S.D. Tex. 2010).

At the notice stage, the Court's decision is generally based on the pleadings, affidavits, and other limited evidence. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *Walker*, 870 F. Supp. 2d at 465. At this stage, the plaintiff is required to show that "(1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted, and (3) that those individuals want to opt-in to the lawsuit." *Walker*, 870 F. Supp. 2d at 465-66; *see also Andel v. Patterson-UTI Drilling Co., LLC*, 280 F.R.D. 287, 289 (S.D. Tex. 2012). "Although collective actions under the FLSA are generally favored, the named plaintiff(s) must present some factual support for the existence of a class-wide policy or practice." *Carey v. 24 Hour Fitness USA*, Inc., 2012 WL 4857562, at *1 (S.D. Tex. Oct. 11, 2012) (citing *Walker*, 870 F. Supp. 2d at 466). Conclusory allegations that other employees are similarly situated are insufficient to justify conditional certification. *Rodriguez v. Flower*

*Foods, Inc.*, Civil Action No. 4:16–CV–245, 2016 WL 7210943, at *2 (S.D. Tex. Dec. 13, 2016).[7]

To be "similarly situated," there must be "substantial allegations that potential members 'were together the victims of a single decision, policy, or plan.'" *McKnight*, 756 F. Supp. 2d at 801 (quoting *Mooney*, 54 F.3d at 1213). Certification should be denied "'if the action arises from circumstances purely personal to the plaintiff, and not from any generally applicable rule, policy, or practice.'" *Id.* (quoting *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 507 (M.D. La. 2005)). Where minimal evidence is advanced at the notice stage, the conditional class determination "is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class" that provides potential class members with notice and the opportunity to opt in. *See id.* (quoting *Mooney*, 54 F.3d at 1214 n.8); *see also Walker*, 870 F. Supp. 2d at 465.

### III. ANALYSIS

#### A. Evidence that Other Aggrieved Individuals Exist

To satisfy the first element under the analysis Vaughn need only show that there is a reasonable basis for believing that other aggrieved individuals exist. *See*

---

[7] A court "'has the power to modify an FLSA collective action definition on its own' if the 'proposed class definition does not encompass only similarly situated employees.'" *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 861 (S.D. Tex. 2012) (quoting *Dreyer v. Baker Hughes Oilfield Operations, Inc.,* Civil Action No. H-08-1212, 2008 WL 5204149, at *3 (S.D. Tex. Dec. 11, 2008)).

C:\Users\SHELIA~1\AppData\Local\Temp\notesFFF692\3578MCCertification.docx  170421.1108

*Heeg*, 907 F. Supp. 2d at 862. In addition to his own affidavit, Vaughn has submitted an affidavit from Naseem Roberson, in which Roberson affirms his intention to join the lawsuit as a plaintiff.[8] Roberson, like Vaughn, states that he performed litigation support work for TDG and that TDG classified Roberson as an independent contractor and did not pay him overtime wages.[9] Roberson also states that he estimates at least fifteen TDG workers whose duties were similar to those Roberson performed and who were not paid overtime for hours worked in excess of forty, and identifies three by name.[10] TDG does not challenge Vaughn or Roberson's averments that other aggrieved individuals exist. The Court finds that Vaughn has provided sufficient evidence to credit his assertion that aggrieved individuals exist. *See Heeg*, 907 F. Supp. 2d at 862; *cf. Rodriguez*, 2016 WL 7210943, at *2 ("[t]o show that there are similarly situated employees, a plaintiff would ideally produce affidavits from potential class members affirming their intention to join the lawsuit." (citing *McKnight*, 756 F. Supp. 2d at 805 (S.D. Tex. 2010)). The first element for conditional certification is satisfied.

---

[8] *See* Affidavit of Naseem Roberson ("Roberson Affidavit"), Exh. B to the Motion [Doc. # 9-2], at 1 ¶ 2.

[9] *See id.* at 1 ¶ 3.

[10] *See id.* at 2 ¶ 8. Roberson's assertions are supported by spreadsheets Vaughn attached to his Reply that list the job description and hours worked by litigation support workers TDG classified as independent contractors. *See infra* III.B.

## B. Existence of Similarly Situated Individuals

As noted, Vaughn seeks conditional certification of a class comprised of all litigation support workers TDG employed as independent contractors within the past three years.[11] Vaughn alleges he and the other putative class members are similarly situated because, first, "Defendant has a common policy of mischaracterizing workers as independent contractors and thereby paying them straight time instead of the statutorily required overtime pay for hours worked above forty (40) each week[]," and, second, "Plaintiff and putative class members performed the same job duties and were paid straight time instead of time and a half for overtime hours worked."[12] These arguments are intertwined and will be addressed in tandem.

TDG disputes that conditional certification is warranted. TDG asserts that Vaughn fails to identify "a single decision, policy or plan that TDG purportedly subjected Plaintiff and putative class members to in their relationship with TDG."[13] Moreover, TDG argues, the similarity determination requires an individualized analysis that renders this suit inappropriate for class action.[14]

---

[11] Vaughn Reply [Doc. # 12], at 1; *see supra* note 6.

[12] *See* Vaughn Reply [Doc. # 12], at 2-3.

[13] *See* TDG Sur-Reply [Doc. # 814], at 1.

[14] *See id.* at 2-3; TDG Response [Doc. # 11], at 11-13.

8

To be "similarly situated," there must be "'substantial allegations that potential members were together the victims of a single decision, policy, or plan.'" *Caballero v. Kelly Servs., Inc.*, Civil Action No. H–14–1828, 2015 WL 12732863, at *3 (S.D. Tex. 2015) (quoting *McKnight*, 756 F. Supp. 2d at 801). Additionally, "[f]or the class representative to be considered similarly situated to the potential opt in class members, the class representative must be similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Vanzzini v. Action Meat Distribs.*, Civil Action No. H–11–4173, 2012 WL 1941763, at *3 (S.D. Tex. May 29, 2012) (quoting *Ryan v. Staff Care, Inc.,* 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007)). "Plaintiffs 'need only show that their positions are similar, not identical, to putative plaintiffs.'" *Walker*, 870 F. Supp. 2d at 468 (quoting *Jesiek v. Fire Pros, Inc.,* 275 F.R.D. 242, 246 (W.D. Mich. 2011)). However, "if the job duties among potential members of the class vary *significantly,* then class certification should not be granted." *See Dreyer*, 2008 WL 5204149, at *2 (emphasis in original).

The Court determines that Vaughn and members of the putative class are sufficiently similarly situated to one another with respect to their work for TDG and TDG's pay practices to satisfy this factor. Vaughn has adequately alleged a TDG policy with respect to the putative class, namely, that TDG misclassified certain litigation support workers as independent contractors in order to avoid

paying those individuals overtime.[15] Vaughn also has adduced evidence of similarity in job requirements and pay provisions among the class, pointing to spreadsheets supplied to Vaughn by TDG in the course of litigation that detail the job descriptions of and pay accorded to prospective members.[16] *See Diaz*, 2016 WL 3568087, at *8-9; *Heeg*, 907 F. Supp. 2d at 865. In 2017, for example, the job requirements of litigation support workers TDG classified as independent contractors are described as "[s]can despeckle, rotate image & quality co[ntrol]," "[s]canning," or similar duties.[17] None of those classified as independent contractors were paid overtime for hours worked in excess of forty, a fact TDG does not dispute.[18]

TDG argues that because it retains employees who perform "the same manual labor" as its independent contractors, Vaughn cannot identify a decision, policy, or plan of TDG to which the putative class is subject.[19] According to TDG,

---

[15] *See* Vaughn Reply [Doc. # 12], at 2.

[16] *See* Corrected Exhs. A-D to Vaughn Reply [Docs. # 817-1, # 817-2, # 817-3, # 817-4].

[17] *See* Corrected Exh. A to Vaughn Reply [Doc. # 817-1].

[18] *See* Corrected Exhs. B-D to Vaughn Reply [Docs. # 817-2, # 817-3, # 817-4] (listing weeks in 2014, 2015, and 2016 that the litigation support workers classified as independent contractors worked over forty hours, and showing that none was paid overtime for the hours in excess of forty.)

[19] *See* TDG Sur-Reply [Doc. # 814], at 1-2.

10

this evidence shows there is no such policy, and "TDG's decision to treat certain personnel as W-2 employees, as opposed to 1099 workers, has depended on the circumstances of each person."[20] This argument is unavailing. To the extent TDG argues that Vaughn and the other putative class members are not subject to the FLSA's overtime requirements because they are independent contractors and not TDG employees, this is a merits-based defense to FLSA claims that must be addressed at a later stage of the case. *See, e.g.*, *Diaz*, 2016 WL 3568087, at *9.

TDG also contends that Vaughn and members of the putative class are not similarly situated because there are "substantial differences" among members of the putative class with respect to, *inter alia*, their hours, skills, pay, and duration of relationship with TDG.[21] Determining whether TDG erred in its classification of litigation support workers, TDG argues, would require the Court assess those differences by performing an individualized analysis of each putative class member under the "economic realities test," a task that renders the action ill-suited to certification.[22] The Court is not persuaded.

---

[20] *See id.* at 1.

[21] *See* TDG Response [Doc. # 11], at 13-14, 16-17; TDG Sur-Reply [Doc. # 814], at 2.

[22] *See* TDG Sur-Reply [Doc. # 814] at 2-3.

Courts in the Fifth Circuit use the economic realities test to determine whether a worker is an employee or an independent contractor for purposes of the FLSA. *Rodriguez*, 2016 WL 7210943 at *3. The test includes five, non-exclusive factors: "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. No single factor is determinative." *See Hopkins v. Cornerstone Am.,* 545 F.3d 338, 343 (5th Cir. 2008) (internal citation omitted).

There is a split of authority regarding whether the test should be used when determining whether to conditionally certify an FLSA action concerning an allegedly wrongful independent contractor designation. *Compare Rodriguez*, 2016 WL 7210943, at *3 *with Andel*, 280 F.R.D. at 290. Courts that decline to apply the economic realities test at the conditional certification stage generally conclude that the test pertains to the merits of the case, not to collective action certification. *See Rodriguez*, 2016 WL 7210943, at *3 (citing cases).

TDG invokes *Andel* and this Court's ruling in *Christianson v. NewPark Drilling Fluids, LLC*,[23] which TDG contends applied the economic realities test at

---

[23]     No. CIV.A. H–14–3235, 2015 WL 1268259 (S.D. Tex. Mar. 19, 2015).

C:\Users\SHELIA~1\AppData\Local\Temp\notesFFF692\3578MCCertification.docx  170421.1108

the conditional certification stage. Those cases, however, are distinguishable from the suit at bar. As an initial matter, this Court did not apply the economic realities test *per se* in *Christianson*. Rather, the Court assessed whether the proposed class members were sufficiently similarly situated because they were subject to a single policy or practice of the employer. The assessment was whether the Court would be able to apply the economic realities test, at a later stage in the litigation, to the proposed class as a group, or whether the circumstances of the members of the proposed class were so diverse as to "'eviscerate[] all notions of judicial economy that would otherwise be served by conditional class certification.'" *See Christianson*, 2015 WL 1268259, at *4 (quoting *Demauro v. Limo, Inc.*, No. 8:10-cv-413-T-33AEP, 2011 WL 9191, *3-*4 (N.D. Fla. Jan. 3, 2011)).

Moreover, the facts before the courts in each of *Andel* and *Christianson* established plainly that the evidence pertinent to the economic realities factors varied substantially among the putative class members. *See Andel*, 280 F.R.D at 290; *Christianson*, 2015 WL 1268259, at *3-*4. In *Christianson*, for example, there was no evidence that the putative class members had sufficiently similar skills, experience, or salaries. The *Christianson* plaintiffs did not establish a single policy applicable to the putative class members. *See Christianson*, 2015 WL 1268259, at *3-*4.

In the case at bar, in contrast, Vaughn has met his burden to demonstrate that

TDG has a policy of not paying overtime compensation to individuals who perform sporadic work for the single reason that TDG deems these workers independent contractors. TDG has not rebutted Vaughn's evidence with sufficiently substantial proof of variations among the putative class members to prevent conditional certification. The evidence is uncontroverted that, between 2014 and 2017, TDG classified approximately forty litigation support workers as independent contractors.[24] Vaughn has presented evidence that these workers' jobs are not particularly dissimilar.[25]

TDG asserts that certain independent contractor litigation support workers also have full-time employment elsewhere.[26] TDG also observes that Vaughn alleges he worked far more hours than Roberson claims to have worked, and that evidence on the record indicates a difference in the number of weeks that Vaughn and Roberson each worked in excess of forty hours.[27] These are not material differences in this case for purposes of conditional class certification because TDG

---

[24] *See* Corrected Exhs. A-D to Vaughn Reply [Docs. # 817-1, # 817-2, # 817-3, # 817-4].

[25] *See generally id.* The proof that the workers' hourly wages ranged between $9 and $17.50 from 2014 through 2016 does not defeat this conclusion. According to TDG, workers with greater experience were assigned more complex tasks and earned a higher hourly wage. *See* TDG Response [Doc. # 11], at 5.

[26] *See* TDG Response [Doc. # 11], at 15.

[27] *Id.* at 14.

plainly has a single policy of classifying all sporadic workers as independent contractors and not paying overtime for hours worked in excess of forty. "[S]imilarly situated class members need not be identical to be similarly situated." *See Kemp v. Databank IMX, LLC*, Civil Action No. H–14–1090, 2015 WL 1897929, at *8 (S.D. Tex. March 27, 2015); *Walker*, 870 F. Supp. 2d at 468 (citing cases). Any individualized analysis the Court need perform would not be so onerous as to "'eviscerate[] all notion[s] of judicial economy that would otherwise be served by conditional class certification.'" *Cf. Christianson*, 2015 WL 1268259, at *4 (quoting *Demauro*, 2011 WL 9191, at *3-*4). If discovery reveals that Vaughn and the putative class members are not, in fact, similarly situated in relevant respects given the claims and defenses asserted, TDG may seek decertification of the conditional class. *Cf. Heeg*, 907 F. Supp. 2d at 865.

### C. Evidence of Other Likely Opt-Ins

Various courts, including this Court, also require a plaintiff seeking conditional certification to present evidence of other similarly situated individuals who want to opt into the lawsuit. *See Jones v. Xerox Commercial Sols., LLC*, Civil Action No. 4:13–cv–650, 2013 WL 5945652, at *4 n.43 (S.D. Tex. Nov. 6, 2013) (citing cases). Other courts do not impose this requirement. *See Diaz v. Applied Machinery Corp.*, Civil Action No. H-15-1282, H-15-2674, 2016 WL 3568087, at *4 (S.D. Tex. June 24, 2016). Generally, this factor is easily satisfied if there is

some evidence that others are likely to want to join the litigation. The Fifth Circuit has not addressed this requirement.

Based on its examination of Roberson's affidavit, as well as the parties' pleadings, the Court concludes that Vaughn has made a sufficient showing to indicate that other individuals are likely to opt in to this lawsuit.

### D. Notice

Vaughn attached a proposed Notice and proposed Consent form to his Motion.[28] The group of potential plaintiffs identified in the proposed Notice does not correspond to the proposed class Vaugh ultimately requests in this case, namely, "all Manual Laborers and Scanner Operators employed by The Document Group as independent contractors … ."[29] Vaughn must submit to the Court a copy of the revised proposed class notice on or before April 29, 2017. The class definition should specify the class commences April 20, 2014.

### IV. <u>CONCLUSION AND ORDER</u>

For the reasons explained above, Plaintiff Eugene Vaughn's Motion [Doc. # 9] is **GRANTED** in accordance with this Memorandum and Order. The Court conditionally certifies the following class:

---

[28] *See* Exh. D to Motion [Doc. # 9-4], at 1-3 (Proposed Notice), 4 (Proposed Consent).

[29] *See* Vaughn Reply [Doc. # 12], at 1.

C:\Users\SHELIA~1\AppData\Local\Temp\notesFFF692\3578MCCertification.docx  170421.1108

All current and former Manual Laborers and Scanner Operators who were classified as independent contractors and who worked for The Document Group on or after April 20, 2014, and worked more than forty hours in a week but were not paid overtime pay at the rate of one and one-half times their regular hourly rate.

The Court further **ORDERS** Vaughn to submit an amended proposed Notice and Consent form on or before **April 29, 2017**.

Signed at Houston, Texas, this **20<u>th</u>** day of **April, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE